UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIROSLAW MAREK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>ZEN RESTORATION, INC., BERNARD SOBUS, and PRZEMYSLAW SOBUS,<br><br>        Defendants. | ECF Case<br><br>Case No. 19-CV-6749<br><br>**FLSA COLLECTIVE / CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COME NOW THE PLAINTIFF, **Miroslaw Marek**, individually and on behalf of all others similarly situated, by his attorney, Tomasz J. Piotrowski, for his Complaint against **Zen Restoration, Inc.**, **Bernard Sobus**, and **Przemyslaw Sobus** (collectively as "defendants") and alleging upon personal knowledge and upon information and belief as follows:

## NATURE OF THE CASE

1. This is a lawsuit to recover unpaid wages, liquidated damages, and statutory penalties for violations of the Wage Theft Prevention Act, owed to the plaintiff and other similarly situated employees who were employed by the defendants as construction workers at any time during the relevant limitations periods but were not paid for their work, in violation of federal and state labor laws and regulations.

2. The plaintiff brings this action on behalf of himself, asserting claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and its implementing regulations (for violation of the statute's minimum wage requirement) and

the New York State Labor Law ("NYLL"), N.Y. Labor Law § 650 *et seq.* and its implementing regulations (for unpaid wages and violations of the Wage Theft Prevention Act—namely failure to provide the required notice of pay rate, and wage statements with every payment of wages); and on behalf of other similarly situated employees, as a collective action under the FLSA (pursuant to 29 U.S.C. § 216(b)) (federal claims) and as a class action under the NYLL (pursuant to Fed. R. Civ. P. 23) (state claims).

3. The plaintiff, individually and on behalf of all others similarly situated, is entitled to compensatory damages for unpaid minimum wages (under federal law), unpaid wages (under state law), liquidated damages (under federal and state law), statutory penalties for violations of the Wage Theft Prevention Act (under state law), pre-judgment and post-judgment interest (under federal and state law), and attorney's fees and costs (under federal and state law). The plaintiff demands trial by jury.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

6. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

-3-

**PARTIES**

7. Plaintiff **Miroslaw Marek** is an adult person who resides in New Rochelle, New York. Mr. Marek's written consent to be a party plaintiff in this action is attached hereto.

8. Defendant **Zen Restoration, Inc. ("Zen Restoration")**, is a New York corporation, with its principal place of business located at 273 Russell Street, Brooklyn, New York 11222. According to the New York State Division of Corporations website, Zen Restoration has an "active" status and its Chief Executive Officer is Bernard Sobus.

9. At all relevant times, defendant **Bernard Sobus ("Bernard")**, was a resident of the State of New York and had an actual place of business located at 273 Russell Street, Brooklyn, New York 11222.

10. At all relevant times, upon information and belief, defendant Bernard was one of the presidents and/or owners, or majority or controlling owner/shareholder, and/or day-to-day overseer of Zen Restoration. At all relevant times, Bernard had the power to establish payroll policies and practices at Zen Restoration. At all relevant times, Bernard personally exercised operational and financial control over Zen Restoration.

11. Upon information and belief, defendant Bernard has signed documents with the State of New York which lists him as Chief Executive Officer of Zen Restoration.

12. Upon information and belief, defendant Bernard is one of the ten largest shareholders of Zen Restoration and as such, pursuant to the New York Business Corporate Law ("NYBCL"), N.Y. Bus. Corp. Law § 630, he is jointly and severally personally liable for all debts, wages or salaries due and owing to any of Zen Restoration's laborers, servants or employees for services performed by them for Zen Restoration.

13. Prior to the filing of this Complaint, defendant Bernard was served with a Notice pursuant to the NYBCL § 630, giving him notice of plaintiff's intent to hold him personally liable under the section.

14. At all relevant times, defendant **Przemyslaw Sobus ("Przemyslaw")**, was a resident of the State of New York and had an actual place of business located at 273 Russell Street, Brooklyn, New York 11222.

15. At all relevant times, upon information and belief, defendant Przemyslaw was one of the presidents and/or owners, or majority or controlling owner/shareholder, and/or day-to-day overseer of Zen Restoration. At all relevant times, Przemyslaw had the power to establish payroll policies and practices at Zen Restoration. At all relevant times, Przemyslaw personally exercised operational and financial control over Zen Restoration.

16. Upon information and belief, defendant Przemyslaw has signed documents with the State of New York which lists him as Chief Executive Officer of Zen Restoration.

17. Upon information and belief, defendant Przemyslaw is one of the ten largest shareholders of Zen Restoration and as such, pursuant to the NYBCL § 630, he is jointly and severally personally liable for all debts, wages or salaries due and owing to any of Zen Restoration's laborers, servants or employees for services performed by them for Zen Restoration.

18. Prior to the filing of this Complaint, defendant Przemyslaw was served with a Notice pursuant to the NYBCL § 630, giving him notice of plaintiff's intent to hold him personally liable under the section.

## FLSA ALLEGATIONS

19. At all relevant times, Zen Restoration was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Bernard and Przemyslaw were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Zen Restoration was an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

22. At all relevant times, Zen Restoration employed two or more persons "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

23. At all relevant times, Zen Restoration had "annual gross volume of sales made or business done [of] not less than $500,000" within the meaning of the FLSA, 29 U.S.C. § 203(s).

24. At all relevant times, Mr. Marek was an "employee" of the defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

25. At all relevant times, Mr. Marek was a "non-exempt" employee entitled to the rights, protections, and benefits available to employees under the FLSA, including the federal minimum wage within the meaning of the FLSA, 29 U.S.C. §§ 206(a).

26. At all relevant times, the other persons who were employed as construction workers were "employees" of the defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

27. At all relevant times, the other persons who were employed as construction workers were "non-exempt" employees entitled to the rights, protections, and benefits

available to employees under the FLSA, including the federal minimum wage within the meaning of the FLSA, 29 U.S.C. §§ 206(a).

## NEW YORK STATE LABOR LAW ALLEGATIONS

28. At all relevant times, Zen Restoration was an "employer" within the meaning of the NYLL and its implementing regulations.

29. At all relevant times, Bernard and Przemyslaw were "employers" within the meaning of the NYLL and its implementing regulations.

30. At all relevant times, Mr. Marek was an "employee" of the defendants within the meaning of the NYLL and its implementing regulations.

31. At all relevant times, Mr. Marek was a "non-exempt" employee entitled to the rights, protections, and benefits available to employees under the NYLL, including the N.Y. state minimum wage within the meaning of the NYLL, Article 19 § 652, and to the payment of wages in accordance with the agreed terms of employment as set forth in Article 6 § 191.

32. At all relevant times, the other persons who were employed as construction workers were "employees" of the defendants within the meaning of the NYLL and its implementing regulations.

33. At all relevant times, the other persons who were employed as construction workers were "non-exempt" employees entitled to the rights, protections, and benefits available to employees under the NYLL, including the N.Y. state minimum wage within the meaning of the NYLL, Article 19 § 652, and to the payment of wages in accordance with the agreed terms of employment as set forth in Article 6 § 191.

34. At all relevant times, the plaintiff and other persons who were employed as construction workers were entitled to the rights and protections of the NYLL and its implementing regulations, including the minimum wage requirements set forth in the

Minimum Wage Notice for Miscellaneous Industries and Occupations and the wage notice and wage statement requirements set forth in Article 6 § 195.

## FACTUAL ALLEGATIONS

35. Defendants own and operate a construction business in Brooklyn, New York.

36. At all relevant times, defendants Bernard and Przemyslaw were the owners and day-to-day overseers of Zen Restoration who in that capacity were responsible for hiring and firing employees, determining their rates and methods of pay, and the hours that employees were required to work.

37. Mr. Marek was hired by the defendants as a full-time construction worker on July 1, 2019.

38. As a construction worker Mr. Marek worked at various apartments in Manhattan, where he performed carpentry services, including wall layout, wall framing, and sheetrock and cement board installation.

39. Mr. Marek's regular workweek consisted of 40 hours per week, with 8 hours per day, Wednesday through Tuesday.

40. He was entitled to a 30-minute paid lunch.

41. Mr. Marek's hourly rate was $28.00.

42. Although Mr. Marek was provided with (3) three company's checks, he was unable to cash them, as he was advised by the bank officials that Zen Restoration did not maintain sufficient funds in its bank account.

43. Mr. Marek addressed the issue of bad checks on several different occasions with Bernard and Przemyslaw.

44. Each time he was informed that defendants were aware of the issue and were trying to resolve it.

45. Despite promises, Mr. Marek was never paid, and defendants continued with issuing bad checks to him and other employees.

46. After not being paid for (5) five weeks, Mr. Marek had no choice but to quit his job.

47. Mr. Marek quit his job on August 19, 2019.

48. Despite his demands for payment, Mr. Marek was not paid any wages for (5) five weeks of his work.

49. Mr. Marek was not paid for the time periods:

    a. July 10 through July 16: (40 hours at $28.00 per hour) = $1,120.00;

    b. July 17 through July 23: (32 hours at $28.00 per hour) = $896.00;

    c. July 31 through August 6: (40 hours at $28.00 per hour) = $1,120.00;

    d. August 7 through August 13: (40 hours at $28.00 per hour) = $1,120.00;

    e. August 14 through August 20: (32 hours at $28.00 per hour) = $896.00.

50. Mr. Marek's total underpayment is: $5,152.00.

51. Upon information and belief, other construction workers were not paid any wages for their services.

52. As alleged above, defendants' failure to pay the plaintiff and other similarly situated construction workers was willful and not in good faith.

53. At all relevant times, the plaintiff was not provided with the pay rate notice required by the NYLL, Article 6 § 195(1) (as adopted by the Wage Theft Prevention Act, which took effect on April 9, 2011).

54. Upon information and belief, the other construction workers were not provided with the pay rate notices required by the NYLL, Article 6 § 195(1) (as adopted by the Wage Theft Prevention Act, which took effect on April 9, 2011).

55. Mr. Marek was not provided with the wage statements that accurately reported the correct pay rates required by the NYLL, Article 6 § 195(3).

56. Upon information and belief, the other construction workers were not provided with the wage statements that accurately reported the correct pay rates required by the NYLL, Article 6 § 195(3).

## COLLECTIVE / CLASS ALLEGATIONS

57. The plaintiff brings this action on behalf of himself and other similarly situated employees who were employed by the defendants, as construction workers, at any time during the relevant limitations periods, but were not paid in accordance with applicable federal and state labor laws and regulations.

58. Upon information and belief, during the relevant limitations periods, Zen Restoration employed more than (40) forty other construction workers.

59. At all relevant times, the defendants were aware of their obligations to pay the plaintiff and similarly situated construction workers in accordance with federal and state labor laws and regulations, but failed to do so.

60. The named plaintiff and similarly situated construction workers were the victims of a common policy or practice of the defendants, to wit, the knowing and willful failure to pay them in accordance with applicable federal and state labor laws and regulations, specifically, the failure (1) to pay them the minimum wage (in violation of federal and state law), (2) to pay them for all time worked (in violation of state law), (3) to provide them with pay rate notices (in violation of state law), and (4) to provide them with wage statements (in violation of state law).

61. The proposed class is so numerous that joinder of all members is impracticable.

62. The plaintiff's claims are typical of the claims of similarly situated construction workers. At all relevant times, the defendants treated the plaintiff and similarly situated construction workers in the same manner as pertains to the payroll policies and practices at issue in this lawsuit. Any lawsuit brought by other construction workers for the same violations would be identical to the lawsuit brought by the plaintiff.

63. There are questions of law or fact common to the plaintiff and similarly situated construction workers, including but not limited to how the defendants managed and recorded the employees' work time, how the defendants calculated and paid the employees' wages, whether the defendants properly paid the employees for all hours worked, whether the defendants properly paid the employees for overtime hours worked, and whether the defendants provided the employees with the pay rate notices and wage statements required by state law.

64. The plaintiff will fairly and adequately protect the interests of the proposed class members. He has no interests antagonistic to the class members. The plaintiff is represented by attorney who is experienced and competent in employment litigation, including wage and hour litigation, and class action litigation.

## FIRST CLAIM: UNPAID MINIMUM WAGE

**(Fair Labor Standards Act—Named Plaintiff and Collective Action Plaintiffs)**

65. The plaintiff repeats and re-alleges paragraphs 1-64 above.

66. At all relevant times, the defendants were covered employers within the meaning of the FLSA.

67. At all relevant times, the plaintiff and similarly situated construction workers were covered employees within the meaning of the FLSA.

68. The FLSA, 29 U.S.C. § 206(a), guarantees to each covered employee minimum wages in the relevant amount of $7.25 per hour for each hour worked in a workweek.

69. As alleged above, the defendants failed to pay the plaintiff and similarly situated construction workers any compensation, including the minimum wages owed to them under the FLSA, for the work they performed during the relevant limitations periods.

70. As alleged above, the defendants' failure to pay the plaintiff and similarly situated construction workers was willful and not in good faith.

71. As defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

72. As a result of the defendants' unlawful conduct, the plaintiff and similarly situated construction workers are entitled to recover unpaid minimum wages, liquidated damages, attorney's fees and costs, and all other relief available under the FLSA.

## SECOND CLAIM: UNPAID WAGES

**(New York State Labor Law—Named Plaintiff and Class Action Plaintiffs)**

73. The plaintiff repeats and re-alleges paragraphs 1-72 above.

74. At all relevant times, the defendants were covered employers within the meaning of the NYLL.

75. At all relevant times, the plaintiff and similarly situated construction workers were covered employees within the meaning of the NYLL.

76. The NYLL, Article 6 § 191, requires employers, in relevant part, to pay employees in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

77. As alleged above, the defendants failed to pay the plaintiff and similarly situated construction workers any compensation, including the hourly wages owed to them in accordance with the agreed terms of employment, for the work they performed during the relevant limitations periods.

78. As alleged above, the defendants' failure to pay the plaintiff and similarly situated construction workers was willful and not in good faith.

79. The applicable limitations period for the plaintiff's and similarly situated construction workers' nonpayment of wages claims is (6) six years.

80. As a result of the defendants' unlawful conduct, the plaintiff and similarly situated construction workers are entitled to recover unpaid wages, liquidated damages, attorney's fees and costs, and all other relief available under the NYLL.

### THIRD CLAIM: WAGE STATEMENT VIOLATIONS

**(New York State Labor Law—Named Plaintiff and Class Action Plaintiffs)**

81. The plaintiff repeats and re-alleges paragraphs 1-80 above.

82. At all relevant times, the defendants were covered employers within the meaning of the NYLL and its implementing regulations.

83. At all relevant times, the plaintiff and similarly situated construction workers were covered employees within the meaning of the NYLL and its implementing regulations.

84. The NYLL, Article 6 § 195(3), requires employers, in relevant part, to provide each employee with a wage statement "with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

85. As alleged above, the defendants failed to provide the plaintiff and similarly situated construction workers, with each paycheck, with the required wage statements that accurately reported the correct regular and overtime pay rates for calculation of the plaintiff's and similarly situated construction workers' wages.

86. The defendants' failure to provide correct wage statements to the plaintiff and similarly situated construction workers was willful and not in good faith.

87. Pursuant to NYLL, Article 6 § 198(1-d), as a result of failing to provide the required wage statements, the defendants are liable to the plaintiff and to each similarly situated construction worker in the amount of "two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars."

88. As a result of the defendants' unlawful conduct, the plaintiff and similarly situated construction workers are entitled to recover statutory damages, attorney's fees and costs, and all other relief available under the NYLL and its implementing regulations.

### FOURTH CLAIM: PAY RATE NOTICE VIOLATIONS

**(New York State Labor Law—Named Plaintiff and Class Action Plaintiffs)**

89. The plaintiff repeats and re-alleges paragraphs 1-88 above.

90. At all relevant times, the defendants were covered employers within the meaning of the NYLL.

91. At all relevant times, the plaintiff and similarly situated construction workers were covered employees within the meaning of the NYLL.

92. The NYLL, Article 6 § 195(1)(a), requires employers, in relevant part, to provide to each employee "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof . . . the regular pay day designated by the employer . . . the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement . . . of receipt of this notice, which the employer shall preserve and maintain for six years."

93. As alleged above, the defendants failed to provide the required pay rate notice to the plaintiff and similarly situated construction workers at the time of hire and whenever changes were made to their payroll information.

94. The defendants' failure to provide the required pay rate notices to the plaintiff and similarly situated construction workers was willful and not in good faith.

95. Pursuant to the NYLL, Article 6 § 198 (1-b), as a result of failing to provide the required pay rate notice, the defendants are liable to the plaintiff and to each similarly situated construction worker in the amount of "fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars."

96. As a result of the defendants' unlawful conduct, the plaintiff and similarly situated construction workers are entitled to recover statutory damages, attorney's fees and costs, and all other relief available under the NYLL.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays for relief as follows:

A. Designation of this action as a collective action under the FLSA on behalf of the plaintiff and similarly situated construction workers who were employed by the defendants at any time during the relevant limitations period and who were not paid for all hours worked (asserting claims for unpaid minimum wage under the FLSA) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA opt-in class members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of the plaintiff and his counsel as representatives of the FLSA opt-in class members;

C. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the plaintiff and similarly situated construction workers who were employed by the defendants at any time during the relevant limitations period and who were not paid for all hours worked (asserting claims for unpaid wages, and wage notice and wage statement violations under the New York State Labor Law);

D. Designation of the plaintiff and his counsel as representatives of the Rule 23 class members;

E. A judgment declaring that the defendants violated the FLSA and the NYLL as alleged herein;

F. A judgment declaring that the defendants' violations were willful and not in good faith as alleged herein;

H. A judgment awarding the plaintiff, FLSA class members, and Rule 23 class members, all unpaid wages, liquidated damages, and statutory penalties they are owed under federal and state labor laws and regulations, to be paid by the defendants;

D. An order imposing appropriate injunctive remedies on the defendants, including but not limited to an order prohibiting the defendants from continuing to engage in the unlawful conduct alleged herein;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Attorney's fees, costs, and disbursements as allowed by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: December 1, 2019
Brooklyn, NY

Respectfully submitted,

*Tomasz J. Piotrowski*

By: _____
TOMASZ J. PIOTROWSKI (TP 5515)
T.J. Piotrowski Law Firm
176 Kent Street, Suite 2L
Brooklyn, NY 11222
Tel.: (917) 612-0788
Email: tomjerzy@msn.com

*Attorney for Plaintiff Miroslaw Marek*

## CONSENT TO BE A PARTY PLAINTIFF (FLSA)

I, Miroslaw Marek, hereby declare under penalty of perjury that I am the plaintiff in the above-captioned civil action; that I formerly was employed by Zen Restoration, Inc.; that I consent to be a party plaintiff in this lawsuit; that I authorize Tomasz J. Piotrowski to file and prosecute a lawsuit on my behalf to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney's fees and costs, and all other relief available pursuant to the Fair Labor Standards Act of 1938; and that I executed and am bound by the terms of the representation agreement dated October 24, 2019, between me and my attorney.

_____          11.4.2019
MIROSLAW MAREK, plaintiff                 DATE